UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MANETIRONY CLERVRAIN, *et al.*, | ) | CASE NO. 5:22-cv-4 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| KATHLEEN MADDEN, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**Introduction and Background**

*Pro se* plaintiff Manetirony Clervrain[1] has filed a civil rights complaint allegedly against over eighty defendants, including numerous federal, state, and local government officials. (Doc. No. 1.[2]) The complaint is incomprehensible. It sets forth neither cogent, discernible factual allegations of misconduct with respect to each of the defendants, nor cogent, discernible federal legal claims. Instead, it consists of pages of unclear and conclusory statements and legal assertions unconnected to any specific alleged conduct of any of the defendants. The relief Clervrain seeks is also unclear. (*See id*. at 11–12.[3])

---

[1] Although the caption of the complaint contains the names of twenty-one (21) additional plaintiffs, the section of the form complaint identifying the parties lists only Clervrain as plaintiff.

[2] Again, although the caption lists the names of eighty (80) defendants (including United States Senator Rob Portman and Congressman Jim Jordan; and Ohio Lieutenant Governor Jon Husted, Secretary of State Frank LaRose, Attorney General David Yost, and Supreme Court Chief Justice Maureen O'Connor), the form complaint itself lists only Kathleen Madden, Steve Chabot, Aaron Bass, and Adedayo Akande as defendants and contains no additional sheet with more names.

[3] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

Clervrain did not pay the filing fee, but instead, with his complaint, filed a "short form" application to proceed without prepayment of fees and costs (Doc. No. 2) and two other incomprehensible motions (*i.e.*, a "Motion for Mitigating Financial Burden" (Doc. No. 3) and a "Motion for 'Extension,' 'Extended Pages Limitations' or 'Contract Violations['] Opposing Jurisdiction by the Ant(s) Community Act ('TACA')" (Doc. No. 4)).

Clervrain's application to proceed *in forma pauperis* is deficient because the short form application he used is not the correct form for seeking to proceed *in forma pauperis* in this district. Further, Clervrain failed to properly fill out the improper form he used. He left completely blank four of the eight questions on the form pertaining to his financial condition. (*See* Doc. No. 2 at 2, questions 5-8.) The Court, nonetheless, finds it would be futile to require Clervrain to fill out and file a proper application to proceed *in forma pauperis* since, upon review, the Court concludes that the complaint must be dismissed.

## Standard of Review and Discussion

*Pro se* pleadings generally are liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). But *pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations or construct legal claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Moreover, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *See* Fed. R. Civ. P. 12(h)(3). To this end, a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally

implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (holding that a *pro se* civil rights action against a United States senator, the Chief Justice of the Supreme Court, and other government officials was properly dismissed *sua sponte* for lack of subject-matter jurisdiction where the complaint alleged claims that were not arguably plausible).

The Court finds that Clervrain's complaint must be dismissed in accordance with *Apple v. Glenn*. Even liberally construed, the complaint herein fails to meet basic pleading requirements, and the statements and legal assertions set forth in the pleading are so incoherent, implausible, devoid of merit, and frivolous that they fail to provide a basis to establish this Court's subject matter jurisdiction over any federal claim against any defendant in the case. Further, where, as here, individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983.") (citation omitted); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of claims where the complaint did not allege with any degree of specificity which named defendant was personally involved in or responsible for each alleged violation of federal rights).

## Conclusion

For the reasons set forth herein, Clervrain's complaint (Doc. No. 1) is dismissed for lack of subject matter jurisdiction pursuant to the Court's authority established in *Apple v. Glenn, supra.*

3

Clervrain's motions (Doc. Nos. 2, 3, 4) are all denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: April 14, 2022

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**